UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ADAM R. ROARK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-422-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Adam R. Roark ("Roark"), is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Roark is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**BACKGROUND**

On September 20, 2002, Roark pled guilty pursuant to a written plea agreement to six counts of possession with intent to distribute methamphetamine. On December 13, 2002, he was sentenced to 102 months of incarceration to be followed by a six-year term of supervised release. Roark did not file a direct appeal, and his subsequent motion to vacate under section 2255 was denied. *United States v. Roark*, Eastern District of Kentucky, 02-85-DCR [Record Nos. 1, 15, 20, 25, 32, 35]

In his present habeas corpus petition filed pursuant to 28 U.S.C. § 2241, Roark asserts that the imposition of a six-year term of supervised release constitutes double jeopardy or cruel and unusual punishment to the extent his combined term of imprisonment and supervised release exceed the maximum statutory penalty that may be imposed under the applicable sentencing guidelines.

**DISCUSSION**

As a threshold matter, Roark has named the United States as the respondent in this matter. In a petition brought pursuant to section 2241, the application for a writ of habeas corpus must name the person who has custody over the petitioner as the respondent. 28 U.S.C. § 2242. Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the petitioner is currently serving his sentence is the Petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-43, and is the only appropriate respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d

938, 948 (2d Cir. 1976). Because Roark is currently confined at a federal correctional facility in Maryland, the warden of that facility is the proper respondent to this petition.

While the warden could be substituted as the proper respondent in this proceeding, that substitution would necessitate dismissal of the petition, as this Court lacks personal jurisdiction over a warden located in Maryland. *United States v. Gordon*, 2005 WL 697219 (7th Cir. 2005) (habeas corpus petition which fails to name custodian as respondent and is not filed in court with personal jurisdiction over custodian must be dismissed); *Samirah v. O'Connell*, 335 F.3d 545 (7th Cir. 2003) (petition must be filed in district that has jurisdiction over his custodian; otherwise, the district court would lack jurisdiction).

In addition, Roark himself is not physically present within this district. A prisoner must be physically present within the territorial jurisdiction of the district court where the habeas petition is filed. *United States v. Hayman*, 342 U.S. 205 (1952); *Schmanke v. U.S. Bureau of Prisons*, 847 F. Supp. 134 (D. Minn. 1994) (habeas jurisdiction lies in district where prisoner was incarcerated at time habeas petition was filed).

These procedural shortcomings could be addressed by transferring venue over this action to the appropriate district court in Maryland. Where venue is not proper in the district where the case is originally filed, the court may either dismiss the case entirely or transfer the proceeding to the appropriate court:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a).

Section 1406(a) thus authorizes this Court to transfer the case to Maryland if doing so would be in the interests of justice. The Court concludes, however, that the interests of justice would not be served by transferring this petition where other factors plainly mandate its denial. Roark's petition challenges the validity of his sentence[1] to the extent the term of supervised release imposed, when added to his term of incarceration, exceeds the maximum statutory term of incarceration under the applicable sentencing guidelines. His challenge, however, is not cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241.

Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of section 2255 does permit a prisoner to seek habeas corpus relief under section 2241 if his remedy under section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. However, section 2255 is not an "inadequate and ineffective" remedy where, as here, the prisoner simply failed to seize an earlier opportunity to

---

[1] Roark's petition cannot be fairly read to constitute an attack merely upon the Bureau of Prisons ("BOP")'s calculation of his sentence. Even if it could be so read, his petition indicates that he has not exhausted his administrative remedies within the BOP to challenge that calculation. Where a prisoner wishes to challenge the BOP's execution of his sentence, he must exhaust administrative remedies before filing a habeas corpus petition under Section 2241, *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam), and his failure to do so here would require denial of the petition without prejudice to his right to refile the petition once such exhaustion had been accomplished.

correct a fundamental defect in his conviction under pre-existing law. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor is section 2255 considered "inadequate and ineffective" where the prisoner presented his claim in a prior post-conviction motion under section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

Rather, section 2255 is an "inadequate and ineffective" remedy only where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). An "actual innocence" claim does not arise from mere technical or procedural errors committed during the course of trial or sentencing, nor is it based upon the sufficiency of the evidence adduced at trial. Rather, to state a viable "actual innocence" claim, the petitioner must point to a Supreme Court decision, decided after his conviction became final, which indicates that his ostensibly criminal conduct does not, in fact, violate the terms of the criminal statute under which he was convicted as re-interpreted by the Supreme Court. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished decision) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

Roark does not make such a claim. Roark's challenge to the duration of the term of supervised release imposed was one that was available to him from the moment the criminal conviction was entered, and is not based upon any interpretation of the terms of the underlying substantive offense. Because he does not – and cannot – claim that he is actually innocent of the

offenses for which he was convicted, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. Because these claims are not cognizable in a habeas corpus proceeding under Section 2241, *Bousley v. United States*, 523 U.S. 614, 620 (1998), his petition must be denied.

### III. CONCLUSION

The Court being sufficiently advised, it is

**ORDERED** as follows:

(1) Petitioner Roark's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 21st day of December, 2007.



Signed By:
Danny C. Reeves  DCR
United States District Judge